UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION )
OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O., )
                                                                        ) Index No.: 16-CIV-8555
                             Plaintiffs, )
                                                                 ) **COMPLAINT**
        -against- )
                                                                  )
PAXTON PAINTING CORP., )
                                                                 )
                           Defendant. )

---

Plaintiff, District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., (hereinafter referred to as the "Union") by its attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. Section 185).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provision of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391 (b).

4. This action is brought by the Union to obtain injunctive relief, monetary damages and other equitable relief under the Taft-Hartley Act and for breach of contract to secure performance by the Employer of the obligation to abide by and comply with a certain arbitration award and to enforce said award.

## PARTIES

5. The Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

6. The Union's principal office is located and administered at 45 West 14th Street, New York, NY 10011.

7. The Defendant, Paxton Painting Corp., ("Employer"), is upon information and belief a corporation duly organized and existing under the laws of New York State with its principal office and place of business located at 1132 Abbot Boulevard, Fort Lee, NJ 07024.

## AS AND FOR A FIRST CLAIM FOR RELEIF

8. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Union and the Employer, are parties to a certain collective bargaining agreement ("CBA") covering certain of its employees.

10. Article XI of the CBA provides that the Employer shall register jobs for all work performed by its employees covered by the Trade Agreement.

11. The Employer failed to register jobs pursuant to Article XI of the CBA for work covered by the Trade Agreement.

12. The Union filed a Demand for Arbitration with the Union's Joint Trade Committee ("JTC").

13. The JTB submitted a Notice of Intention to Arbitrate to the Employer.

14. A hearing was duly held before the Joint Trade Committee.

15. An Award of was issued on attached hereto as "Exhibit A".

16. The said Award provided that the Employer, Paxton Painting Corp., violated the Trade Agreement by failing to pay wages and benefits for its employees covered by the CBA.

17. The said Award further provided that, as a remedy for the aforesaid violations, the Employer shall pay to the Union the total amount of Forty-Three Thousand, Seven Hundred and Ninety Dollars and Eighty Cents ($43,790.80) for distribution as provided in the said Award.

18. Paxton Painting Corp. has failed and refused to comply with the Award.

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment confirming and enforcing the said Award; granting judgment against the Employer for Forty-Three Thousand, Seven Hundred and Ninety Dollars and Eighty Cents ($43,790.80); awarding Plaintiff reasonable attorney fees and the costs and disbursements of this action; and granting Plaintiff such other, further or different relief as the Court may deem just, proper or equitable.

Dated: Elmsford, New York
November 3, 2016

*/s/ Lauren M. Kugielska*
Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Plaintiff* Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT *District Council No. 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O.*
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

# EXHIBIT A

JOINT TRADE COMMITTEE
of the PAINTING AND DECORATING INDUSTRY
-------------------------------------------------------------------x

In the Matter of Arbitration Between

    District Council No. 9, International Union of Painters and
    Allied Trades, A.F.L.-C.I.O.,

    and

    Employer __Paxton Painting__,

    and _____, as President of

    _____

-------------------------------------------------------------------x

State of New York    )
                            ) ss:
County of New York  )

*No Appearance by Respondent*

**Award of Arbitrators**

    WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration provisions set forth in the Trade Agreement between District Council No. 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O., and the Association of Master Painters and Decorators of New York, Inc. and the Association of Wall, Ceiling & Carpentry Industries of New York, Inc. and the Window and Plate Glass Dealers Association, and independent employers, for the period May 1, 2011 through April 30, 2019, and having been duly sworn and having duly heard the proofs and allegations of the parties, AWARD as follows:

Violation Alleged: *Art. XIII, Sec. 11. Violation 9. Failure to pay wages and/or fringe benefits or payment in cash for wages and/or fringe benefits (DC9 member Jose Luis Perez)*

Decision and Award: *Guilty. Wages and Benefits to be paid pursuant to attached breakdown of hours and fringe benefits owed pursuant to Trade Agreement*

*$10,000 fine*

*The Union will appoint a job steward from the Union Hall on all the employer's jobs employing two (2) or more employees for a period of one year.*

Date: *9/28/2016*

1

Arbitrators:

_____
Bruce Ruinsky, Esq., Co-Chair

_____
Print Name:

_____
Print Name:

_____
Print Name:

_____
Print Name:

_____
Print Name:

Subscribed and sworn to before me severally this
____ day of _____, 20__

_____
Notary Public

**LAURA TUTINO**
Notary Public - State of New York
No. 01TU6325924
Qualified in Bronx County
My Commission Expires June 8, 2019

**PAYMENTS ARE DUE IN (10) DAYS. PLEASE MAKE CHECKS PAYABLE TO THE JOINT TRADE COMMITTEE. MAIL PAYMENTS TO:**

Joint Trade Committee
370 7th Avenue-Room 418
New York, New York 10001

2

## Breakdown of Wages and Benefits For Jose Luis Perez

No hours remitted for –

1/6/15<>1/13/15<>1/20/15<>1/27/15<>2/3/15<>2/10/15<>2/17/15<>2/24/15<>3/10/15<>4/21/15<>5/5/15<>5/12/15<>6/30/15<>1/19/16<>1/26/16<>2/9/16<>3/1/16<>3/22/16

$1,210.80 per 40 hour week in wages

18 weeks with no hours remitted

1210.80 x 18 = $21,794.40 Owed in wages

$731.20 per 40 hour week in Benefits

18 weeks with no hours remitted

731.20 x 18 = $13,161.60 Owed in Benefits

Revised for the week of 3/10/15.

Correction: Hours were remitted for this week.

Subtract the following from the above totals in wages and benefits;

$726.48 for 24 hour week in wages

$438.72 for 24 hour week in benefits

New Total for owed Wages - $21,067.92

New Total for owed Benefits - $12,722.88

_____ Date: 9/28/16